**Padma Sri Kalika PATHIRANA,
Petitioner,**

**v.**

**Peter D. KEISLER,\* Acting Attorney
General of the United States,
Respondent.**

**Padma Sri Kalika Pathirana,
Petitioner,**

**v.**

**Peter D. Keisler,\* Acting Attorney
General of the United States,
Respondent.**

Nos. 04–70899, 05–77163.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 6, 2007 **.

Filed Oct. 18, 2007.

---

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* Peter D. Keisler, Acting Attorney General of the United States, is substituted for his predecessor, Alberto R. Gonzales, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

428

Padma Sri Kalika Pathirana, Las Vegas, NV, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, Robbin K. Blaya, Esq., San Francisco, CA, Earle B. Wilson, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

## MEMORANDUM ***

Padma Sri Kalika Pathirana, a native and citizen of Sri Lanka, entered the United States in 2001 as a nonimmigrant visitor for business and applied for asylum, withholding of removal, and Convention Against Torture relief. He contends he suffered persecution in Sri Lanka on account of his race, religion, and political opinion.

*** This disposition is not appropriate for publication and is not precedent except as provid-

An Immigration Judge (IJ) rejected Pathirana's claims, noting the lack of corroborating evidence, questioning why Pathirana made no immediate effort to depart Sri Lanka after allegedly being shot by terrorists, and wondering why Pathirana voluntarily returned to Sri Lanka after his first visit to the United States in 1996. Despite these observations, the IJ concluded he lacked "the ability to make an adverse credibility finding. . . ." Rather, the IJ relied upon evidence of changed country conditions, noting "the political climate in the country has changed dramatically and significantly, particularly since both sides entered into a cease-fire in early 2002. . . ."

■ The Board of Immigration Appeals (BIA) affirmed, ruling that evidence of a cease-fire agreement indicates "there has been a fundamental change in circumstances such that [Pathirana] no longer has a well-founded fear of persecution." Pathirana's subsequent motion to reopen his removal proceedings based on his marriage to a United States citizen was denied by the BIA as untimely.

An alien who establishes past persecution is entitled to a "legal presumption of a well-founded fear of future persecution." *Circu v. Gonzales*, 450 F.3d 990, 993 (9th Cir.2006) (en banc). In such instances, "[t]he Government may rebut this presumption by showing by a preponderance of the evidence" that conditions have changed to such an extent that the alien no longer has a well-founded fear of persecution. *Id.* Here, the Government sought to do so by submitting a newspaper article noting that in 2002 Sri Lanka entered into a cease-fire agreement with the terrorist group that would hopefully culminate in a peace accord.

ed by 9th Cir. R. 36–3.

We conclude the article does not constitute substantial evidence of changed country conditions sufficient to rebut the presumption of future persecution. *See Smolniakova v. Gonzales*, 422 F.3d 1037, 1052 (9th Cir.2005) (noting such newspaper articles are generally not authoritative). The article speaks only to the process of the negotiated cease-fire and the possibility of future peace talks, rather than definitive change. Morever, general information about changes in country conditions is insufficient to rebut the presumption. *Id.* Rather, the IJ is required to make an individualized determination whether the changed circumstances will affect the alien's specific situation. *See Marcos v. Gonzales*, 410 F.3d 1112, 1121 (9th Cir. 2005).

Because the BIA's decision is not supported by substantial evidence, we grant the petition for review in 04–70899 and remand for further proceedings. Pathirana's petition for review in 05–77163, challenging the denial of his motion to reopen, is dismissed as moot because we assume he will be permitted to present his new evidence in the reopened proceeding. *See Siong v. INS*, 376 F.3d 1030, 1042 (9th Cir.2004).

PETITION FOR REVIEW IN 04–70899 IS **GRANTED.**

PETITION FOR REVIEW IN 05–77163 IS **DISMISSED.**

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).